Date signed July 21, 2011



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| | |
|---|---|
| In re: | |
| St Francis of Assisi Cat Rescue, Inc | Case No. 11-24267-TJC |
| Debtor | Chapter 7 |

MEMORANDUM OF DECISION

This matter comes before the Court on the motion for a protective order (the "Motion") filed by the debtor St. Francis of Assisi Cat Rescue, Inc. (the "Debtor") on July 15, 2011.  The Motion is opposed by Paul Monger ("Monger"), who owns the property from which the Debtor was evicted on July 13, 2011.  The Debtor seeks a determination that its eviction from 40 Back Creek Road, Dowell, MD 20629 (the "Property") violated the automatic stay and also contends that approximately 80 cats that are in the possession of Animal Control Department of Calvert County are "a protected

1

asset of the bankruptcy estate." The Debtor asks that the Court restore it to the Property and order the return of the cats. The Court held a hearing on the Motion and the opposition on July 20, 2011. For the reasons set forth herein, the Court will deny the Motion.

*Findings of Fact*

This bankruptcy case was filed on July 11, 1011. It was filed to prevent Monger from evicting the Debtor from the Property, at which the Debtor conducted its cat rescue operations. Monger acquired his rights to the Property through a foreclosure proceeding, and the foreclosure sale was ratified by the Circuit Court for Calvert County, Maryland (the "Circuit Court"). Monger obtained and recorded a trustee's deed for the Property dated March 12, 2010. He obtained five writs of possession for the Property, the first on May 25, 2010, and has been seeking to obtain possession since then.[1]

The Debtor was not a party to the deed of trust that was the subject of the foreclosure proceeding. *See* Exhibit 1, Docket No. 19. Only William Gottleid, Jr. ("Gottleid") and Jean Wailes Michaud ("Michaud"), husband and wife, were parties to the deed of trust. The Debtor was formed in December 2010, well after Monger obtained the writ of possession.

The Debtor was evicted from the Property on July 13, 2011. At that time the Debtor had no interest in the Property other than the mere possessory interest that resulted from its occupancy of the Property.

On the day of the eviction, the Debtor filed an emergency motion to stop the

---

[1] The four other writs of possession were obtained on September 30, 2010, December 16, 2010, April 11, 2011 and June 29, 2011. The May 25, 2010 and September 30, 2010 writs expired due to proceedings in the Calvert County foreclosure case. Upon issuance of the other three writs, the Debtor, Michaud and/or Gottleid filed their respective bankruptcy petitions.

eviction as violating the automatic stay in the Circuit Court for Calvert County, Maryland (the "Circuit Court"), Case No. 04-C-09-000851. The Circuit Court denied the emergency motion. According to the docket sheet of that case submitted to this Court, the Debtor has appealed that determination.

The Animal Control of Calvert County participated in the eviction. It determined that the condition of the Property and the cats were such that the cats had to be taken into custody for their own well-being. It gave Michaud 72 hour notice of the right to reclaim the cats. Michaud has not done so, presumably because she does not have the resources to take care of the cats.

This case is the fourth bankruptcy case intended to prevent Monger from obtaining possession of the Property. The Debtor filed an earlier Chapter 7 bankruptcy case on June 4, 2011. Case No. 11-21789. On June 6, 2011, Monger filed an emergency motion for relief from stay. Monger stated he filed the motion as a protective measure because he believed no stay was in effect under 11 U.S.C. § 362(a). The Debtor's schedule G in that case did not list an unexpired lease and Debtor simply asserted a right to possession in the Property as a tenant. The motion avers that the Debtor had no bona fide claim to possession of the Property because the Debtor did not exist until December 16, 2010; the prior bankruptcy filings of Gottleid and Michaud (described below) put Debtor on notice; and that the Debtor is not entitled to protection as a tenant under federal or Maryland state law. The motion argued that the Debtor had no interest in the Property, and thus no equity in the Property. The court held a hearing on June 16, 2011 on the motion. Neither the Debtor nor its counsel appeared and the motion was granted. However, prior to entry of an order, the case was dismissed on June 27, 2011 due to the

3

Debtor's failure to pay the case filing fee.  *See* Docket No. 27 in Case No. 11-21789.

On April 20, 2011, Gottleid filed a petition under Chapter 7, Case No. 11-18312-PM, which was converted to Chapter 13 on May 18, 2011.  On April 22, 2011, Monger filed a motion for relief from stay and equitable servitude as to the Property.  The court granted the motion by order entered on May 20, 2011.

On January 5, 2011, Michaud filed a case under Chapter 13, Case No. 11-10257-WIL.  Michaud is the Debtor's President and has operated the cat rescue at the Property for ten years.  In that case, on January 12, 2011, Monger filed a motion for determination of non-existence of stay or annulment of the automatic stay *ab initio* as to the Property.  The motion also named Gottleid as a co-debtor respondent.  The motion was granted as to all respondents at the February 10, 2011 hearing thereon and by order entered on March 8, 2011.  That case was dismissed by order entered on May 3, 2011.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) & (G).

*Conclusions of Law*

The automatic stay is a fundamental protection afforded to the debtor in bankruptcy and is an element of the debtor's fresh start. H.R. Rep. No. 95-595, p. 174. "The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters by and through McMahon v. George Mason Bank,* 94 F.3d 130, 133 (4th Cir. 1996). "The stay is intended to protect the interests of creditors as well as debtors, and [t]hose persons whom Congress has designated as beneficiaries of

4

the stay have standing to assert its violation." *In re Bennett,* 317 B.R. 313, 318 (Bankr. D. Md. 2004) (citation omitted). *See also Riggs Nat. Bank of Washington, D.C. v. Perry*, 729 F.2d 282 (4th Cir. 1984) ("The enactment of the Bankruptcy Code, and in particular the stay provision, evinced a clear Congressional purpose to create a way by which debtor may obtain a fresh start towards reorganization of their financial obligations.")

On request of a party in interest, the Court "shall" grant relief from the stay by terminating, annulling or modifying the stay for cause or, with respect to a stay against property, if the debtor does not have equity in such property and the property is not necessary for an effective reorganization. 11 U.S.C. §362(a). The Court can award actual damages and attorney fees, and if appropriate, punitive damages, for a willful violation of the stay.  11 U.S.C. §362(k).

The Debtor contends that the eviction violated the automatic stay.  It asks that the Court restore the Debtor to the Property and award it damages for the "willful" violation of the stay.  This Court concludes, however, that the Debtor is not entitled to relief for several reasons.

First, there is no dispute that the Debtor filed an emergency motion to stop the eviction as violating the automatic stay on July 13, 2011, in the Circuit Court.  The Circuit Court denied the motion and allowed the eviction to proceed.  The Debtor sought a determination that the eviction violated the automatic stay in the court of its own choosing and did so post-petition.  The Circuit Court had jurisdiction to decide whether the automatic stay applied to the eviction, which the Debtor does not dispute, and concluded that the stay did not apply.  While the determination of the Circuit Court may not be a final order, and therefore issue preclusion principles may not technically apply,

5

this Court will not sit as an appellate court of the Circuit Court's determination.

Second, the administration of assets in a Chapter 7 case is left to the Chapter 7 trustee. He does not join the Motion. Thus, at least to the extent the Motion seeks to restore the Debtor to the Property to conduct its operations, the Trustee's determination not to join the Motion is a basis to deny the Motion.

Third, Debtor has been unable to establish that it held any interest in the Property other than a mere possessory interest. The Debtor does not contend that it had a consensual lease with Monger and no evidence was presented in support of such a notion. It argues that it had an "unwritten lease of a tenancy at will" by operation of law because it occupied the Property. But that contention is unsupported by law and fact. The Debtor occupied the Property, but had no other legal or equitable interest in it. Indeed, it appears the Debtor was created in December 2010 simply to frustrate Monger's efforts to obtain possession of the Property in accordance with the writ of possession.

Further, restoring the Debtor to the Property would be a futile act. The Debtor can articulate no basis that it would have to defend a motion for relief from stay under these circumstances. *See* 11 U.S.C. §363(d)(2) (the court shall grant relief from the stay if the debtor does not have equity in the property and the property is not necessary for an effective reorganization.) The Debtor has no equity in the Property and it is not necessary for an effective reorganization in this Chapter 7 case.

Indeed, given (1) the ruling by the Circuit Court; (2) the lack of joinder in the Motion by the Chapter 7 trustee; (3) the creation of the Debtor long after Monger obtained the first writ of possession; and (4) the Debtor's lack of any legal or equitable interest in the Property, it is clear that no bankruptcy purpose would be served by

granting the Motion to the extent it seeks a determination that the eviction was void and should be reversed.  Thus, even if this Court were to disagree with the determination of the Circuit Court and conclude that the eviction technically violated the automatic stay, it would not undo the eviction.  Given the history of futile bankruptcy filings by the Debtor and its President, and considering that the Debtor would have no basis to defend a motion for stay relief for a subsequent eviction, this Court would annul the stay *nunc pro tunc* as of July 13, 2011, thereby ratifying the eviction.  To do otherwise would subject the parties to continued bankruptcy litigation where no bankruptcy purpose is at stake.

The Motion states that the Animal Control of Calvert County or the Southern Maryland Animal Shelter is in possession of the Debtor's cats, which are "a protected asset of the bankruptcy estate."  Motion at 2.  But as the Court noted in the order setting hearing, the administration of assets in a Chapter 7 bankruptcy case is, in the first instance, a matter left to the Chapter 7 trustee.  Docket No. 17.  The Chapter 7 trustee does not join in the Motion.  Further, the estate has no facility to which it can move the cats, not does it have any resources to maintain the cats safely.

The Court appreciates that the Debtor's motivation in bringing the Motion is not focused on purely bankruptcy concerns.  The evidence at the hearing on this matter is that Michaud has worked tirelessly for ten years operating the cat rescue service, at substantial personal cost.  For much of that time, the cat rescue operations were conducted in a clean and humane manner.  The evidence was equally compelling, however, that at the time of the eviction the conditions were deplorable.  There is no need to get into the detail of the evidence here, other than to state that the evidence overwhelmingly supported the determination made by Animal Control Department of

Calvert County that, for the safety and well-being of the cats, they must be taken into its control at the eviction. That determination was outside the scope of the automatic stay. *See e.g.*, 11 U.S.C § 362 (the automatic stay does not apply to a governmental unit's exercise of its regulatory responsibilities).

The representative of the Animal Control of Calvert County stated at the hearing that the standard procedure under the circumstance is to issue to the owners a 72 hour notice to reclaim. It did so by providing notice to Michaud. It will now issue the notice to the Chapter 7 trustee. If the trustee does not act either through this Court or directly to the Animal Control of Calvert County within the notice period, the matter will no longer be a bankruptcy matter and will be left to the procedures of the Animal Control of Calvert County.

Finally, the Court turns to the disposition of any remaining personal property of the Debtor at the Property at the time of the eviction. The evidence was uncontroverted that all of the personal property – whether the Debtor's or Michaud's – remains in bins located at the Property and either Michaud or the Chapter 7 trustee is free to claim the personalty.

*Conclusion*

For the foregoing reasons the Court will deny the Motion.


cc:     Debtor
        Debtor's Counsel

        Michael Wolff
        Chapter 7 Trustee
        Goren, Wolff & Orenstein, LLC
        15245 Shady Grove Road
        Suite 465, North Lobby

8

Rockville, MD 20850

Byron L. Huffman, P.C.
PO Box 369
Columbia, Maryland 21045

Paul Monger
512 Oyster Bay Place
Dowell, MD 20629

Christine Axsmith
1250 Connecticut Avenue, NW, Suite 200
Washington, DC 20036

Office of the United States Trustee

**END OF MEMORANDUM**